**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

FERMIN R. FAJAYAN,
                Appellant,

      v.

OFFICE OF PERSONNEL
   MANAGEMENT,
                Agency.

DOCKET NUMBER
SF-0831-15-0097-I-1

DATE: May 11, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[*]

Rodelio V. Mendoza, Camarines Sur, Philippines, for the appellant.

Karla W. Yeakle, Washington, D.C., for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which affirmed the Office of Personnel Management's (OPM's) reconsideration decision denying his application for a deferred annuity. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2 The appellant applied for a deferred annuity under the Civil Service Retirement System (CSRS). In his application he indicated that he was waiving his military retired pay in order to receive credit for military service for Civil Service Retirement Benefits. Initial Appeal File (IAF), Tab 5 at 9. OPM denied his application, finding that the appellant had not shown that he separated from a position subject to CSRS coverage after completing at least 5 years of creditable civilian service with at least 1 of the last 2 years prior to separation being in a position covered by CSRS. *Id*. at 4. OPM acknowledged that the appellant had performed at least 20 years of military reserve service and is in receipt of military retirement benefits but found that this service cannot be used for civilian credit to meet the requirement of having at least 5 years of creditable service. *Id*. On appeal, the administrative judge affirmed OPM's decision, noting that the appellant had only 9 days of civilian service and that this service was not creditable service. IAF, Tab 10, Initial Decision at 2.

¶3 In his petition for review, the appellant reiterates the arguments that he made below. Petition for Review (PFR) File, Tab 1.

¶4　　　　An appellant bears the burden of proving by preponderant evidence that he is entitled to the annuity he seeks. *See Hawco v. Office of Personnel Management*, 52 M.S.P.R. 290, 292-93 (1992). The documentation submitted by the appellant shows that he is over age 62. *See* IAF, Tab 5 at 8. If he meets the requirements of 5 U.S.C. § 8333(b), he would be eligible for a deferred annuity pursuant to 5 U.S.C. § 8338(a). To be eligible for a deferred annuity, the appellant must have completed 5 years of creditable service and must have served at least 1 of the last 2 years of his federal service in a position subject to CSRS, i.e., in a "covered" position. *See* 5 U.S.C. § 8333(a)-(b); *see also Mendez v. Office of Personnel Management*, 51 M.S.P.R. 81, 85 (1991).

¶5　　　　Only if the appellant would have been eligible for deferred annuity benefits at age 62 based on civilian service alone may he waive his military retired pay to combine the time spent in military service with the time that he spent in civilian government service for computation of his annuity. *See Johnson v. Office of Personnel Management*, 102 M.S.P.R. 589, ¶ 8 (2006). Here, as the administrative judge found, the appellant has failed to meet his burden to show that he is eligible for a deferred annuity. He did not have 5 years of creditable service. Indeed, the appellant admits that he had only 9 days of service. PFR File, Tab 1 at 5. His waiver of his military retired pay cannot be used for civilian credit to meet the requirement of having at least 5 years of creditable service and provides no basis for OPM to award an annuity. *See id*. The administrative judge properly affirmed OPM's reconsideration decision.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Merit Systems Protection Board neither endorses the services

provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                         _____

                                            William D. Spencer
                                            Clerk of the Board

Washington, D.C.